In the United States District Court
For the Northern District of Texas
Dallas Division

| | | |
|---|---|---|
| Christopher Haidet | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| Redaptive, Inc. d/b/a Redaptive Services, LLC | § § § | |
| | § | |
| Defendant. | | |

**Plaintiff's Original Complaint**

Plaintiff Christopher Haidet files this Original Complaint against Redaptive, Inc. d/b/a Redaptive Services, LLC and shows:

<u>Parties, Jurisdiction and Venue</u>

1. Plaintiff Christopher Haidet is an individual and a citizen of Texas.

2. Redaptive, Inc. d/b/a Redaptive Services, LLC ("Redaptive") is a foreign corporation doing business in Texas and may be served through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

3. This court has jurisdiction over this action under 28 U.S.C. §1331 based on Plaintiff's federal claims for discrimination under the Age Discrimination in Employment

Plaintiff's Original Complaint – Page 1

Act, 29 U.S.C § 621 *et. seq.* This court has supplemental jurisdiction over Plaintiff's state law discrimination claims under Texas Labor Code Chapter 21.

4. Venue is proper in the Northern District of Texas because the acts and events occurred in this District.

Facts

5. Redaptive is a company that helps corporations obtain energy efficiency in existing corporate buildings. Redaptive will review corporate buildings and design an energy efficiency upgrade solution to help its clients save on energy expenses and achieve operating savings.

6. Redaptive hired Christopher Haidet in July 2018 as Senior Vice President, Strategic Accounts. In this role, Haidet introduced Redaptive to corporations looking to achieve operational savings through reduced energy costs in their company operations.

7. Haidet was a high sales performer for Redaptive. In just 20 months of employment, Haidet closed $24.9 million in deals for Redaptive. Haidet was Redaptive's top sales performer in 2019 with $20.9 million in bookings.

8. Although Haidet had $24.9 million in bookings in his 20 months of employment, Redaptive did not provide Haidet with any commission statements. Instead, Redaptive required Haidet to trust that Redaptive properly calculated and paid the commissions owed to him. Though he did not receive commission statements, Haidet

Plaintiff's Original Complaint – Page 2

continued to work in good faith. Haidet raised these concerns several times to the CEO, the people responsible for paying commissions, the person responsible for sales, and several times to the person responsible for Human resources, including in one face to face meeting in San Francisco. Despite expressing these concerns, Redaptive never provided Haidet with any documentation to verify that Haidet was correctly paid his commissions.

9. Redaptive paid Haidet a base salary plus a commission on his sales. Though Haidet filled out self-assessment in August 2019 and February 2020, Redaptive never gave Haidet a performance review while he worked there.

10. Redaptive downgraded Haidet's title from Senior Vice President, Strategic Accounts, to Sales Executive in 2019. Redaptive provided no explanation to Haidet for the downgrade in his title.

11. In April 2020, Redaptive had six sales representatives. At age 57, Haidet was the oldest of the six. One other sales executive was age 51. The other four sales employees were all under age 40, including one hiring a younger salesperson in NY a week before Haidet was terminated in early 2020.

12. Redaptive fired Haidet on April 15, 2020. Redaptive told Haidet that his position was eliminated as part of a reduction in force. When Redaptive fired Haidet, he was Redaptive's oldest sales executive. When Redaptive fired Haidet, he also had a sales pipeline of over $100 million in deals pending. Redaptive did not fire its younger sales

executives with much smaller sales pipelines. Redaptive did not fire the younger sales executive hired just a week before it fired Haidet and with a sales pipeline of $0.

13. When Redaptive fired Haidet, he suffered damages in lost base salary, lost sales commissions on sales closed, on future deals with a pipeline of over $100M, loss of family health insurance and loss of unvested stock options.

14. The reason Redaptive provided to justify terminating Haidet is a pretext for discrimination because Redaptive fired its top sales performer and retained a newly hired younger sales employee instead of Haidet.

15. Haidet timely filed a Charge of Discrimination with the EEOC on May 5, 2020.

16. Haidet received his Notice of Dismissal and Right to Sue letter from the EEOC on December 8, 2020 and timely sues.

**Claims**

**Age Discrimination under ADEA**

17. Haidet incorporates the previous paragraphs as if restated.

18. Redaptive is an employer as defined by the ADEA, 29 U.S.C. § 630.

19. Haidet, age 57, is an employee covered by the ADEA. 29 U.S.C. § 630(f).

20. Redaptive discriminated against Haidet in the terms and conditions of his employment and subjected him to disparate treatment as compared to younger employees because of his age in violation of the ADEA. 29 U.S. C. § 623(a).

Plaintiff's Original Complaint – Page 4

21. Redaptive discriminated against Haidet and terminated Haidet because of his age in violation of the ADEA. 29 U.S.C. § 623(a). Redaptive's stated reason for terminating Haidet is a pretext for age discrimination.

22. Redaptive's violations of the ADEA damaged Haidet. Haidet lost his salary, family health care, commissions on deals closed, and pending deals and unvested stock options because of his termination. Haidet seeks to recover all legal and equitable relief to which he is entitled because of the discriminatory actions of Redaptive in violation of the ADEA.

23. Haidet seeks to recover his back pay and the value of his lost employment benefits, liquidated damages, equitable relief, prejudgment and post-judgment interest and his reasonable attorney's fees and costs.

### Age Discrimination under Texas Labor Code Chapter 21

24. Haidet incorporates the previous paragraphs as if restated.

25. Redaptive is an employer for Texas Labor Code § 21.002.

26. Haidet, age 57, is protected from age discrimination under Texas Labor Code Chapter 21.

27. Redaptive discriminated against Haidet in the terms and conditions of his employment and subjected him to disparate treatment as compared to younger employees because of his age in violation of Texas Labor Code § 21.051 and § 21.125.

28. Redaptive discriminated against Haidet and terminated Haidet because of his age in violation of Texas Labor Code Chapter 21.051 and 21.125. Redaptive's stated reason for terminating Haidet is a pretext for age discrimination.

29. Redaptive's violations of the Texas Labor Code damaged Haidet. Haidet seeks to recover all legal and equitable relief to which he is entitled because of the discriminatory actions of Redaptive in violation of Texas Labor Code § 21.051 and § 21.125.

30. Haidet seeks to recover his back pay, front pay, compensatory damages for emotional distress and intangible harms and losses, the value of his lost employment benefits including loss of unvested stock options, equitable relief, pre-judgment and post-judgment interest and his reasonable attorney's fees and costs.

### Breach of Contract

31. Redaptive entered into a contractual agreement with Haidet to pay him commissions on his sales.

32. Redaptive failed to provide Haidet with commission statements that would allow Haidet to verify that his commissions were correctly calculated and paid during his employment. In this litigation, Haidet anticipates requesting the documents concerning his sales commissions earned and paid.

33. If Redaptive failed to correctly calculate and pay Haidet earned commissions, Redaptive breached its contractual agreement with Haidet.

34. If Redaptive failed to correctly calculate and pay Haidet's sales commissions, Haidet seeks to recover any unpaid commissions.

35. Haidet seeks to recover his attorney's fees incurred in pursuit of such claim under Tex. Civ. Prac. & Rem. Code §38.001 *et. seq.* Haidet also seeks to recover any pre-judgment and post-judgment interest owed to him.

## Jury Trial

36. Haidet requests a jury trial.

WHEREFORE, Plaintiff Christopher Haidet prays this Court grant judgment against Redaptive, Inc. d/b/a Redaptive Services, LLC and award Plaintiff such relief as is appropriate.

Respectfully submitted,

/s/ Karen K. Fitzgerald
Karen K. Fitzgerald
State Bar No. 11656750
karen@fitzgerald.law
Fitzgerald Law, PLLC
8150 N. Central Expy, 10th Floor
Dallas TX 75206
(214) 265-9958

Counsel for Plaintiff